## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

GREGORY AGNEW AND MARTHA AGNEW,

      Plaintiffs,

vs.

WASHTENAW COUNTY SHERIFF'S DEPARTMENT DETECTIVE CRAIG RAISENEN; DETECTIVE LIEUTENANT LISA KING; DEPUTY ARTS; DEPUTY KITTLE; DEPUTY ATKINS; DETECTIVE M. BABYCZ; and WASHTENAW COUNTY, Jointly and severally,

      Defendants.

Case No. 2:15-cv-10874

Honorable Robert H. Cleland

| | |
|---|---|
| Thomas M. Loeb (25913)<br>Attorney for Plaintiffs<br>3200 Northwestern Hwy., Ste. 170<br>Farmington Hills, MI 48334<br>(248) 851-2020<br>tmloeb@mich.com | Thomas R. Wurst (P30177)<br>Miller Johnson<br>Attorneys for Defendants<br>250 Monroe, N.W., Ste. 800<br>Grand Rapids, MI 49503<br>(616) 831-1775<br>wurstt@millerjohnson.com |

## **STIPULATED PROTECTIVE ORDER**

      Upon the parties' stipulation, the terms of this Protective Order shall govern the handling of Confidential Information and Medical/Psych Records produced in discovery in connection with this lawsuit.

1.  Confidential Information.

    a.  This Protective Order shall apply to all information produced by either party during discovery in this case that is marked "CONFIDENTIAL" and shall apply to all Medical/Psych Records regarding the plaintiffs.

    b.  <u>Designation.</u> Each party shall have the right to designate as confidential and subject to this Protective Order anything, information, document or portion of any document produced or prepared by it in this matter which the producing party deems to contain sensitive or other confidential information, including without limitation personnel records, medical records, personal information, personal history, employee information and other proprietary or sensitive information ("Confidential Information"). This designation shall be made by stamping each page of a document containing Confidential Information with the legend "CONFIDENTIAL" at or before production to the receiving party. This designation shall be made in good faith. Each party reserves the right to contest the designation by motion to the Court.

    In the event a party inadvertently produces Confidential Information without such legend, that party shall promptly furnish written notice to the receiving party that the Confidential Information is designated CONFIDENTIAL under this Protective Order along with appropriately labeled copies of the Confidential Information. Such post-production designation of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order.

2.  <u>Medical & Psychiatric/Psychological Records.</u> Defendants have requested medical and psych records of plaintiffs be produced in this matter. Plaintiffs do not want the medical and psych records disclosed to any employees of the Sheriff's Department or the Prosecutor's Office but agree that they may be disclosed to Judy Kramer, the Risk Manager for Washtenaw County.

3. <u>Restrictions.</u>

   a. Confidential Information and Plaintiffs' Medical/Psych Records shall be used only for the limited purpose of preparing for and conducting this action (including any appeals) and not for any other purpose.

   b. Confidential Information may be disclosed only to the following:

      i. Parties to this action and Counsel of record for the parties in this action, including attorneys, paralegals, clerks and other employees of their firms who are assisting in this action;

      ii. Consultants, investigators, experts and their respective staffs retained to assist in the preparation and trial of this matter;

      iii. Vendors assisting in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this action;

      iv. Certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation;

      v. Any witness or potential witness, although only to the extent relevant to his or her potential testimony in this action;

      vi. Persons shown on the document's face to have authored or received it;

      vii. Any person whom the parties agree, in advance and in writing, may receive such discovery materials; and

      viii. The Court, and any mediators or arbitrators assigned to this case by the Court or as agreed to by the parties.

   c. Medical/Psych records of the plaintiffs produced in this case may be disclosed to Judy Kramer, Risk Manager for Washtenaw County but may **not** be disclosed to the following:

      i. Any employees or members of the Washtenaw County Sheriffs Department

3

      ii.      Any employees, attorneys or members of the Washtenaw County Prosecutor's Office.

4. Each person identified in Paragraphs 3(b)(ii), 3(b)(iii), 3(b)(v), or 3(b)(vii) above who is given access to Confidential Information or Medical/Psych Records under this Protective Order shall be:

    a. Advised that the Confidential Information or Medical/Psych Records is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms thereof;

    b. Advised that the violation of the terms of this Protective Order (by use of Confidential Information or Medical/Psych Records for any purpose other than the preparation and trial of this action) may constitute contempt of this court order; and

    c. Advised that such person must sign an agreement in a form substantially similar to the <u>Acknowledgment Regarding Confidential Information</u> and Medical/Psych Records attached hereto.

5. Any person receiving Confidential Information shall reveal, disclose, or discuss the information only with persons who have complied with the requirements of Paragraph 4 and are listed in Paragraph 3(b) above.

6. Any person receiving Medical/Psych Records shall **not** reveal, disclose, or discuss the information with anyone listed in 3c above. Any person receiving Medical/Psych Records shall comply with the requirements of Paragraph 4 above.

7. This Protective Order is without prejudice as to the right of any party to oppose the admissibility of any Confidential Information or Medical/Psych Records produced on the grounds of lack of relevancy, privilege or any other legal reason.

8. Within 60 days after the termination of this case, whether by final judicial decision or otherwise, all Confidential Information and Medical/Psych Records, other than that contained in deposition transcripts or pleadings, shall either be destroyed or returned to opposing counsel. The parties must also obtain and destroy all Confidential Information and Medical/Psych Records from any third parties to whom the parties have granted access to the Confidential Information and Medical/Psych pursuant to the terms of this

Protective Order including but not limited to experts, consultants and witnesses.

9. This Protective Order does not preclude any party from seeking further relief or protective orders from the Court as may be appropriate.

IT IS SO ORDERED.

Dated: June 30, 2015                               s/ Robert H. Cleland
                                                   US DICTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:

s/Thomas M. Loeb                          s/Thomas R. Wurst (P30177)
(25913) Attorney for                      Miller Johnson
Plaintiffs                                Attorneys for Defendants
3200 Northwestern Hwy., Ste.              250 Monroe, N.W., Ste. 800
170 Farmington Hills, MI 48334            Grand Rapids, MI 49503
(248) 851-2020                            (616) 831-1775
tmloeb@mich.corn                          wurstt@millerjohnson.com

5

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

GREGORY AGNEW AND MARTHA AGNEW,

    Plaintiffs,

vs.

Case No. 2:15-cv-10874

WASHTENAW COUNTY SHERIFF'S DEPARTMENT DETECTIVE CRAIG RAISENEN; DETECTIVE LIEUTENANT LISA KING; DEPUTY ARTS; DEPUTY KITTLE; DEPUTY ATKINS; DETECTIVE M. BABYCZ; and WASHTENAW COUNTY, Jointly and severally,

Honorable Robert H. Cleland

    Defendants.

| | |
|---|---|
| Thomas M. Loeb (25913) | Thomas R. Wurst (P30177) |
| Attorney for Plaintiffs | Miller Johnson |
| 3200 Northwestern Hwy., Ste. 170 | Attorneys for Defendants |
| Farmington Hills, MI 48334 | 250 Monroe, N.W., Ste. 800 |
| (248) 851-2020 | Grand Rapids, MI 49503 |
| tmloeb@mich.com | (616) 831-1775 |
| | wurstt@millerjohnson.coni |

## ACKNOWLEDGMENT REGARDING CONFIDENTIAL INFORMATION AND MEDICAL RECORDS

    I, _____ , have read and understood the Stipulated Protective Order entered by the Court in this case and agree to be bound by the provisions of that Order. I agree to subject myself to the jurisdiction of the Court for the purposes of any proceedings relating to the performance under, compliance with, or violation of that Order.

Dated: _____ , 2015    Signed: _____

MJ DMS 27140226v1 11939-38